F. G. McINTOSH, as Liquidator of the Bank of Alachua, and ERNEST AMOS, as Comptroller of the State of Florida, *Appellants,* v. W. V. KNOTT, State Treasurer, as Treasurer, Ex Officio, of Alachua County, and CITY OF ALACHUA, a municipal corporation, *Appellees.*

140 So. 215.

En Banc.

Opinion filed March 11, 1932.

Petition for rehearing denied April 14, 1932.

*Baxter & Clayton,* for Appellants;

*J. C. Adkins* and *Layton & Gray,* for Appellees.

PER CURIAM.—It appears from the bill of complaint in this case Appellees filed their respective claims with the Liquidator of the defunct Bank of Alachua within one year after the affairs of the Bank were taken over by the Comptroller and the appointment of the Liquidator, but after the first dividend being for 10% had been approved and distributed to claimants whose claims had been filed and allowed. These claimants demanded the payment to them respectively of 10% before the payment of any other dividends should be allowed or paid. The Liquidator refused to comply with the demand and was about to pay a dividend of 5% on all claims filed and allowed, including the claims of appellees, when the bill was filed to enjoin the payment of further dividends until these claimants should have been paid a sum equal to 10% of their claims respectively. On the Bill temporary restraining order was issued as prayed. On motion the Chancellor refused to dissolve the temporary injunction and notice of appeal was filed.

The only question presented here was settled in this

jurisdiction in the case of Myers vs. Federal Reserve Bank of Atlanta, opinion filed April 29, 1931, reported 134 Sou. 600, wherein this Court said:

"Under the statute (Section 18, Chapter 13576, Acts of 1929), claims of every kind, including claims for preference, are covered. Unless filed within one year after the qualification of the liquidator, as required, they cannot be enforced. State v. Tunnicliffe, 98 Fla. 731, 124 So. 279 (decided before statute was changed in 1929).

But the statute requires no particular form for filing claims, leaving that to the choice of the claimant. The claimant also has the option of filing his claim promptly or of waiting until the last minute of the last hour for doing so.

The principal consequence of his delaying the filing of his claim is that, in the event dividends are paid before the time for filing claims expires, he would not be entitled to participate in such dividends as are declared while his claim remains unfiled through his voluntary delay.

And, inasmuch as a claimant may wait until the last minute to file a preferred claim when he has never filed any claim at all, it appears that on a like principle he may at the last minute amend his once filed common creditor claim so as to assert a preference, even though he originally filed it as a claim without preference.

But an amendment so made would only take effect from the date of making it. The acts of the receiver or liquidator prior to the date of the amendment could not be affected by the fact of the amendment.

It is the duty of claimants against defunct banks to promptly file their claims, both common and preferential. While the statute permits a full year to do so without completely barring a claim, it does not follow that the bank liquidator must wait until that year has completely expired before paying available dividends to those claimants who have promptly filed their claim and who have their claims on file when the re-

ceiver or liquidator is authorized by the comptroller to pay a dividend out of the bank's assets.

The policy of our banking laws as favoring a prompt and expeditious handling of the affairs of defunct institutions has already been referred to by this court in the case of Amos v. Conkling, 99 Fla. 206, 126 So. 283, 289, where the court said:

'Delay in final settlement of affairs of insolvent bank or liquidating bank is fatal to the interests of both creditors and stockholders. A speedy adjustment of delinquent banks is necessary to the efficiency and utility of the law.' "

So it is that the order appealed from must be reversed. It is so ordered.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.