THE STATE OF FLORIDA, ex rel., CECILIE DOKE, joined by her husband, J. A. DOKE, *Relator*, vs. F. G. McINTOSH, as Liquidator of the Bank of Alachua, a banking corporation, and ERNEST AMOS, as Comptroller of the State of Florida, *Respondents*.

145 So. 181.

Division B.

Opinion filed January 2, 1933.

*J. C. Adkins*, for Relator;
*Baxter & Clayton*, for Respondent.

TERRELL, J.—This is an original proceeding in mandamus

to require the liquidator of the Bank of Alachua to pay ten per cent. of the amount of a certificate of proof of claim issued to relator pursuant to chapter 13576 Acts of 1929, this being the amount of a dividend paid by the liquidator to other creditors of the Bank prior to the date of the issuance of said certificate.

Under the law of this state, (Chapter 13576 Acts of 1929), claims of every kind against insolvent banks must be filed with the liquidator within one year from his appointment, otherwise they are barred. The question involved here is whether or not a creditor of an insolvent bank who files his claim within the year but after a dividend has been paid to creditors who filed proof of their claims promptly, is entitled to have the amount of said dividend paid to him.

In Myers vs. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 So. 600 and in McIntosh vs. Knott, 104 Fla. 436, 140 So. 215, we considered the effect of chapter 13576, supra, on creditors of an insolvent bank situated as per question stated, and we there held that while they could wait till the last minute in the year to file their claim, they would not, in that event, be permitted to participate in dividends paid while such claims remained unfiled through their voluntary delay.

We do not construe this holding to preclude these claimants from later recovering an amount equivalent to the dividends paid to those who filed promptly. The banking laws contemplate an expeditious settlement of the affairs of insolvent banks and to this end creditors are expected to file proof of their claims promptly but good reasons may exist why all cannot do this. If there are such and they file proof of their claims within one year they should then be permitted to participate to the full amount of the next dividend paid plus the amount of any dividend or dividends previously paid to creditors who filed promptly.

We hold in other words that the liquidator of an insolvent bank must proceed to its liquidation with such dispatch as the circumstances of the case will permit, that no creditor of the bank can participate in the payment of dividends till he has filed proof of his claim which must be within the year, that if dividends are paid before any creditor files proof of his claim he cannot participate in them but that he may subsequently if sufficient assets remain have the amount of such dividends paid to him when other dividends are paid.

In the payment of dividends prior to the lapse of one year the liquidator should bear in mind those creditors who have not filed proof of their claims and withhold funds or assets sufficient to follow the course here suggested.

The record discloses that the relator filed her proof of claim within the time required by law but after the first dividend was paid. The peremptory writ will therefore be granted.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD, C.J. AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., absent on account of sickness.